UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, Jr., | No. 2:15-cv-0203-EFB P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| JANET J. GRAY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's motion to proceed in forma pauperis is not complete. The certificate portion that must be completed by plaintiff's institution of incarceration has not been filled out. Further, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Therefore, the motion to proceed in forma pauperis cannot be granted.[1]

---

[1] Even if plaintiff had filed a complete application, the court could not grant his request to proceed in forma pauperis. Having reviewed the court's records, the court finds that on at least

1

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

---

three prior occasions, plaintiff filed lawsuits in this district that were dismissed on the ground that they were frivolous, malicious or failed to state a claim.  *See Dupree v. United States Copyright Office*, CIV S-11-1700 WBS KJN P (E.D. Cal.), Order filed July 28, 2011 (designating action as plaintiff's "third strike" under 28 U.S.C. § 1915(g)).  Unless plaintiff is under imminent danger of serious physical injury – something he does not allege here – plaintiff is barred as a "three strike" litigant from proceeding in forma pauperis and is therefore obligated to pay the entire filing fee in any civil action he initiates in this court.  28 U.S.C. § 1915(g).  As explained herein, however, the an order requiring plaintiff to pay the filing fee would be futile.  Plaintiff asserts a claim that must be pursued in a habeas action, not a civil rights claim.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Screening Order

Plaintiff alleges that his appellate counsel did not adequately represent him on appeal. Allegations of deficient performance by counsel in state criminal proceedings are cognizable only in a habeas action properly filed under 28 U.S.C. § 2254.  No civil rights action can lie against a publicly appointed criminal defense attorney for actions she took in performing a lawyer's traditional functions as counsel in a criminal proceeding.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If a complaint filed under the Civil Rights Act states claims that sound in habeas, the court should not convert the complaint into a habeas petition.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *Craver v. Franco*, No. CIV S-07-0428 RRB-CMK-P, 2008 WL 191056 at *3 (E.D. Cal. Jan. 22, 2008). The proper course, instead, is to dismiss the claims without prejudice to plaintiff's right to reassert them in a habeas petition. *Id.*

### IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (ECF No. 2) is denied.
2. The complaint is dismissed without prejudice, for failure to state a claim.
3. The Clerk is directed to close the case.

DATED: May 11, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3